### Mary A. Critchell v. Samuel T. A. Loftis.

1.  SETTLEMENTS—*Receipt and Retention of a Check Containing a Condition.*—The receipt and retention of a check upon condition that it is to be accepted in settlement of a matter in controversy involves the acceptance of the condition upon which the check is offered.

Bill to Enforce a Vendor's Lien.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1900.  Affirmed.  Opinion filed February 21, 1902.

Critchell v. Loftis.

This is an appeal from a decree of the Superior Court, dismissing appellant's bill of complaint for want of equity.

This bill was filed against appellee to enforce an alleged vendor's lien on premises known as 1921 Indiana avenue, Chicago.

Appellant and appellee entered into a contract in writing on May 24, 1899, in which appellant agreed to sell to appellee these premises for the sum of $6,000, $500 being deposited as earnest money with the Northern Trust Company, the balance of $5,500 to be paid within five days after the title to the premises was examined and found good. Appellee, having under the contract obtained possession of the premises, caused a survey of the same to be made, which survey showed that the building on the premises overlapped the adjoining premises on the south one inch, while the buildings on the adjoining premises did not in any way overlap the lines of the lot sold as aforesaid. Because of this overlapping appellee refused to pay the balance due on the contract, whereupon appellant, by her attorney, offered to appellee to give him a deed upon the payment of $5,000, together with the $500 so held in escrow, thus, appellant claims, leaving the question of the $500 balance open.

Appellant insists that appellee accepted this proposition, and that the deed was executed and $5,500 paid and received in pursuance thereof.   Appellee insists that he offered to take the deed and pay $5,500 instead of $6,000, notwithstanding the overlapping of the building, and that the matter was adjusted and closed in this way.

The $500 in escrow was turned over to appellant and she received appellee's check for $5,000, upon which was written :   "Balance in full for property 1921 Indiana avenue, Chicago."

This having been done, appellant filed a bill to enforce a vendor's lien for the $500 more she claimed.

ALBERT H. MEADS, attorney for appellant.

JOHN REID McFEE, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Not only is it apparent that appellant, in receiving the check for $5,000, had notice that appellee regarded it as given in full payment for the premises, but the court, upon the one question of fact upon which this controversy turns, has found for appellee.

We see no sufficient reason for setting aside such finding. There arises under such state of facts no question as to the existence of a vendor's lien, or of attempted satisfaction by payment of a lesser sum than is plainly due in full discharge of a debt.

The decree of the Superior Court is affirmed.